## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHAWALI KHAN )
    Detainee, )
    Guantanamo Bay Naval Station )
    Guantanamo Bay, Cuba; )
)
    *Petitioner/Plaintiff,* )
)   PETITION FOR WRIT
v. )   OF HABEAS CORPUS
)
GEORGE W. BUSH, )
    President of the United States )   No.
    The White House )
    1600 Pennsylvania Ave., N.W. )
    Washington, D.C. 20500; )
)
ROBERT M. GATES, )
    Secretary, United States )
    Department of Defense )
    1000 Defense Pentagon )
    Washington, D.C. 20301-1000; )
)
REAR ADM. DAVID M. THOMAS, Jr. )
    Commander, Joint Task Force - )
    Guantanamo )
    JTF-GTMO )
    APO AE 09360; and )
)
ARMY COL. BRUCE VARGO, )
    Commander, Joint Detention )
    Operations Group, JTF - GTMO )
    JTF-GTMO )
    APO AE 09360, )
)
    *Respondents*/Defendants. )

## PETITION FOR A WRIT OF HABEAS CORPUS

SHAWALI KHAN (ISN # 899) (hereinafter "Petitioner") seeks the Great Writ. Petitioner is a citizen of Afghanistan. He is a civilian who has been wrongly classified as an "enemy combatant" by the President of the United States, and is being held virtually incommunicado in military custody and executive detention at the United States Naval Station at Guantánamo Bay, Cuba ("Guantánamo"). Petitioner is detained without lawful basis, without charge, and without access to counsel or any fair process by which he might challenge his detention. Petitioner is being held under color and authority of the Executive, and in violation of the Constitution, laws and treaties of the United States as well as in violation of customary international law. Accordingly, this Court should issue a Writ of Habeas Corpus compelling Respondents either to release Petitioner or to establish in this Court a lawful basis for his detention. This Court should also order injunctive and declaratory relief.

Pursuant to the President's authority as Commander-in-Chief, his authority under the laws and usages of war, or under the November 13, 2001 Executive Order, Respondents George W. Bush, President of the United States; Robert M. Gates, U.S. Secretary of Defense; Rear Admiral David M. Thomas, Jr., Commander of Joint Task Force – GTMO; and Army Colonel Bruce Vargo, Commander, Joint Detention Operations Group, Joint Task Force – GTMO, are either ultimately responsible for, or have been charged with the responsibility of maintaining, the custody and control of the detained Petitioner at Guantánamo.

### A.    Parties

1.    Petitioner is SHAWALI KHAN (ISN # 899), a prisoner incarcerated at the United States Naval Station at Guantanamo Bay, Cuba. Petitioner is a citizen of Afghanistan who was living in Afghanistan when captured and then imprisoned at Guantanamo under Respondents' custody and control.

2.    Respondent George W. Bush is the President of the United States and Commander-in-Chief of the United States military. Petitioner is being detained pursuant to President Bush's authority as Commander-in-Chief, under the laws and usages of war or, alternatively, pursuant to the Executive Order of November 13, 2001, Detention, Treatment, and

2

Trial of Certain Non-Citizens in the War Against Terrorism, 66 Fed. Reg. 57,833 (November 13, 2001) ("Executive Order"). President Bush is responsible for Petitioner's unlawful detention and is sued in his official capacity.

3.    Respondent Robert M. Gates is the Secretary of the United States Department of Defense. Pursuant to the President's authority as Commander-in-Chief, his authority under the laws and usages of war or, alternatively, pursuant to the Executive Order, Respondent Gates has been charged with maintaining the custody and control of Petitioner. He is sued in his official capacity.

4.    Respondent Rear Admiral David M. Thomas, Jr. is the Commander of Joint Task Force – GTMO, the task force running the detention operation at Guantánamo Bay. He has supervisory responsibility for Petitioner and is sued in his official capacity.

5.    Respondent Army Colonel Bruce Vargo is the Commander of the Joint Detention Operations Group and the JTF – GTMO detention camps, including the U.S. facility where Petitioner is presently held. He is the immediate custodian responsible for Petitioner's detention and is sued in his official capacity.

6.    Respondents are directly responsible for any activities undertaken by or under the supervision of any agents or employees acting on their behalf, or of agents or employees of private contractors ("contractor employees") with whom any agency under Respondents' authority or supervision has contracted for the provision of services at Guantanamo. All references to Respondents' actions in this Petition include activities performed by Respondents' agents or employees, other government agents or employees or contractor employees.

**B.    This Court's Jurisdiction**

7.    Petitioner brings this action pursuant to 28 U.S.C. §§ 2241(a), (c)(1) and (c)(3) and 2242, and invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1350, 1651, 2201, and 2202; 5 U.S.C. § 702; Articles I, II and III of, and the Fifth and Sixth Amendments to, the United States Constitution.

8.    This Court is empowered under 28 U.S.C. § 2241 to grant this Writ of Habeas Corpus and to entertain the instant Petition under 28 U.S.C. § 2242. This Court is further

empowered to entertain the Petition pursuant to the recent United States Supreme Court's decision in *Boumediene v. Bush*, Nos. 06-1195, 06-1196, 2008 WL 2369628 (U.S. Sup. Ct. 2008).

## C.    Procedural and Factual Background

9.    Petitioner Shawali Khan ("Petitioner") is a citizen of Afghanistan.  On information and belief, he is in his mid-forties and had lived his entire life in Afghanistan until he was captured by Afghan forces, turned over to the United States, and brought to the Guantanamo prison.

10.    At the time of his capture, Petitioner operated a small shop in Kandahar where he sold gas, kerosene and petrol.  He had operated this business for several years.

11.    On information and belief, Khan has been in the custody of the United States in executive detention since 2001 or 2002.  The exact dates are unknown as the Respondents have provided no documents or discovery to Petitioner's counsel.

12.    All that is known about Petitioner comes from the unclassified redacted version of his Combatant Status Review Tribunal (CSRT) transcript available on the internet.

13.    Petitioner was captured by Afghan officials while riding his motorcycle.  The Afghan officials took Petitioner's motorcycle and his money and they sold him to the Americans for a cash bounty.

14.    After his transfer to the Americans, Petitioner showed the Americans his home and his store and invited them to search.  In his home, the Americans found one empty rifle shell and paper receipts for some rifle which Petitioner's Uncle had possessed and had transferred back to the Afghan government.  The Americans also claim to have found a spool of electrical wire.

15.    Petitioner's brother was also arrested with Petitioner but his brother was released. Petitioner's brother is currently running Petitioner's store.

16.    In the 1990s, Petitioner grew fruit on farmland owned by his family.

17.    Petitioner's Uncle, Jabit Jalil, lives in Pakistan.  In the late 1980s or early 1990s, Petitioner's Uncle was associated with a group called HIG which resisted the Russian

4

occupation. After the U.S. invasion of Afghanistan, Petitioner's Uncle came to Afghanistan for three months and worked for the Karzai government. Petitioner also worked for the Karzai government at this time as a driver.

18.     Petitioner has made at least two requests for the assistance of counsel to challenge his detention by Respondents. His first request was made orally during his CSRT proceedings. His second request was made in writing and was sent to the D.C. Circuit Court and forwarded to counsel. (Copies of these requests are submitted herewith as Exhibit A.)

19.     In February, 2008, Attorney Leonard C. Goodman, a sole practitioner in Chicago, filed his appearance as counsel for Petitioner. On February 12, 2008, Petitioner filed (through counsel) a petition for review under the Detainee Treatment Act (DTA) challenging his designation as an enemy combatant. This DTA petition is pending in the United States Court of Appeals for the D.C. Circuit under Case No. 08-1058.

20.     In January, 2008, Attorney Goodman applied for his security clearance. He was interviewed by the FBI in March, but is still waiting for clearance. He has not yet had an opportunity to meet his client, Shawali Khan.

21.     Petitioner's DTA Petition has not resulted in any meaningful judicial review of his detention. He has received no discovery, consultation with counsel, nor any hearing before any court or tribunal to review his indefinite detention at Guantanamo.

22.     Counsel has asked the Respondents for discovery and for information about Mr. Khan's family, but government counsel has stated that he cannot provide any documents or information about Mr. Khan or his family. The only information received by counsel about his client has come from the internet.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

#### (ARTICLE I OF THE U.S. CONSTITUTION –
#### VIOLATION OF THE SUSPENSION CLAUSE)

23.    Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

24.    Respondents' arrest and continued detention of Petitioner violate the United States Constitution, Habeas Corpus Suspension Clause, Art I, § 9, cl. 2, because the Suspension Clause guarantees Petitioner the right to be charged criminally or released. Petitioner has been and continues to be detained without charge. The Suspension Clause also guarantees Petitioner the right to an adequate and meaningful judicial process. Petitioner has been and continues to be detained without such process.

25.    Accordingly, Petitioner is entitled to habeas relief as well as any other relief the court may deem appropriate.

### SECOND CLAIM FOR RELIEF

#### (COMMON LAW DUE PROCESS AND DUE PROCESS CLAUSE OF THE FIFTH
#### AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES –
#### UNLAWFUL DEPRIVATION OF LIBERTY)

26.    Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

27.    By the actions described above, Respondents, acting under color of law, have violated and continue to violate common law principles of due process as well as the Due Process Clause of the Fifth Amendment to the Constitution of the United States. President Bush has ordered the prolonged, indefinite, and arbitrary detention of individuals, and has violated the right of Petitioner to be free from unlawful conditions of confinement. Respondents' actions deny Petitioner the process accorded to persons seized and detained by the United States military in times of armed conflict as established by, inter alia, the Uniform Code of Military Justice, Army Regulation 190-8, Articles 3 and 5 of the Third and Fourth Geneva Conventions, the common law, and customary international law as reflected, expressed, and defined in multilateral

6

treaties and other international instruments, international and domestic judicial decisions, and other authorities.

28.    To the extent that Petitioner's detention purports to be authorized by the Executive Order, that Order violates the Fifth Amendment on its face and as applied to Petitioner, and therefore also violates 28 U.S.C. § 2241 (c)(3).

29.    To the extent that Petitioner's detention is without basis in law and violates the common law principles of due process embodied in 28 U.S.C. § 2241 (c)(1), Petitioner's detention is unlawful.

30.    Accordingly, Petitioner is entitled to habeas relief as well as any other relief the court may deem appropriate.

### THIRD CLAIM FOR RELIEF

#### (THE GOVERNMENT'S DEFINITION OF "ENEMY COMBATANT" IS OVERBROAD AS APPLIED TO PETITIONER AND VIOLATIVE OF THE FIRST AND FIFTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES)

31.    Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

32.    On information and belief, the U.S. Government is holding Petitioner as an "enemy combatant" based on the allegation that he worked for and assisted a group called Hizb- I Islami Gulbuddin (HIG).

33.    The government's allegations against Petitioner are false. On information and belief, Petitioner never worked for or assisted the HIG. (As set forth in other claims, the government has offered no proof of these allegations and no opportunity for Petitioner to rebut the allegations.)

34.    Even if the allegations against Petitioner were true and could be proven by the Government, they still could not justify Petitioner's detention as an "enemy combatant." Publicly available documents demonstrate that the HIG was founded in the late 1970s to liberate Afghanistan from the influence of foreign forces. The HIG was based in Eastern Afghanistan and was funded by the United States during the Afghan-Soviet War.

35.    In *Hamdi v. Rumsfeld*, 542 U.S. 507, 516 (2004), the Supreme Court accepted the

government's definition of "enemy combatant" as "an individual who, [the government] alleges, was part of or supporting forces hostile to the United States or coalition partners in Afghanistan and who engaged in an armed conflict against the United States there." (internal quotations omitted).

36.    Petitioner Shawali Khan is a citizen of Afghanistan.  The Government's allegations against Petitioner are that assisted a group which resisted the foreign armies which occupied his homeland – the Soviets during the 1980's and the Americans in 2001.  Even if these allegations were true, they would not support a finding that Petitioner is an enemy combatant. Accordingly, to the extent that the operational definition of "enemy combatant" includes the allegations against this Petitioner, that definition is overbroad and violative of the First and Fifth Amendments.

37.    The Constitution does not permit the United States to indefinitely detain a person as an "enemy combatant" whose only purported crime is that he allegedly resisted foreign armies occupying his homeland.  See *e.g.*, *Hamdi*, 542 U.S. at 521 ("If the practical circumstances of a given conflict are entirely unlike those of the conflicts that informed the development of the law of war, that understanding [that the AUMF allows indefinite detention] may unravel.")

38.    Accordingly, Petitioner is entitled to habeas, declaratory, and injunctive relief as well as any other relief the court may deem appropriate.

### FOURTH CLAIM FOR RELIEF

#### (ARTICLE II OF THE UNITED STATES CONSTITUTION - UNLAWFUL DETENTION)

39.    Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

40.    Upon information and belief, Petitioner is not, nor has he ever been, an enemy alien, lawful or unlawful belligerent, or combatant of any kind.  The Executive lacks the authority to order or direct military officials to detain civilians who are seized far from the theater of war or occupied territory or who were not "carrying a weapon against American troops on a foreign battlefield." *Hamdi v. Rumsfeld*, 524 U.S. 507, 124 S. Ct. 2633, 2642 n.1 (2004).

41.    As the Supreme Court recently stated: "Where a person is detained by executive order, rather than, say, after being tried and convicted in a court, the need for collateral review is most pressing." *Boumediene v. Bush*, Slip op., at 38.

42.    By the actions described above, President Bush has exceeded and continues to exceed the Executive's authority under Article II of the United States Constitution by authorizing, ordering and directing that military officials seize Petitioner and transfer him to military detention, and by authorizing and ordering his continued military detention at Guantánamo. All of the Respondents acted and continue to act without lawful authority by directing, ordering, and/or supervising the seizure and military detention of Petitioner.

43.    The military seizure and detention of Petitioner by the Respondents is *ultra vires* and illegal because it is in violation of Article II of the United States Constitution. To the extent that the Executive asserts that Petitioner's detention is authorized by the Executive Order, that Order exceeds the Executive's authority under Article II and is *ultra vires* and void on its face and as applied to Petitioner.

44.    To the extent that Respondents assert that their authority to detain Petitioner derives from a source other than the Executive Order, including without limitation the Executive's inherent authority to conduct foreign affairs or to serve as Commander-in-Chief of the U.S. Armed Forces, whether from Article II of the Constitution or otherwise, Respondents lack that authority as a matter of fact and law.

### FIFTH CLAIM FOR RELIEF

### (VIOLATION OF THE RIGHT TO COUNSEL AND TO ACCESS TO THE COURTS)

45.    Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

46.    Respondents, purportedly acting from a concern for national security, consistently have contrived to intrude upon Petitioner's right to consult with counsel. Petitioner has repeatedly requested the assistance of counsel. Yet, on information and belief, he has never been allowed to meet with counsel during his six years of detention despite at least two written requests for the assistance of counsel. Respondents have thus violated the Fifth and Sixth

9

Amendments to the U.S. Constitution.

## SIXTH CLAIM FOR RELIEF

### (GENEVA CONVENTIONS - ARBITRARY DENIAL OF DUE PROCESS)

47.     Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

48.     By the actions described above, Respondents, acting under color of law, have denied and continue to deny Petitioner the process accorded to persons seized and detained by the United States military in times of armed conflict as established by specific provisions of the Third and Fourth Geneva Conventions.

49.     Violations of the Geneva Conventions are direct treaty violations and are also violations of customary international law, and constitute an enforceable claim under 28 U.S.C. § 2241 (c)(3).

50.     Respondents are liable for this conduct described above, insofar as they set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified, and/or conspired to violate the Geneva Conventions.

## SEVENTH CLAIM FOR RELIEF

### (INTERNATIONAL HUMANITARIAN AND HUMAN RIGHTS LAW - ARBITRARY DENIAL OF DUE PROCESS)

51.     Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

52.     By the actions described above, Respondents have denied and continue to deny Petitioner the process due to persons seized and detained by the United States military in times of armed conflict as establish by customary international humanitarian and human rights law as reflected, expressed, and defined in multilateral treaties and other international instruments and domestic judicial decisions, and other authorities.

53.     Because Respondents are detaining Petitioner "under or by color of the authority of the United States," they are violating 28 U.S.C. § 2241(c)(1), and because Respondents are detaining Petitioner "in violation of the Constitution or laws or treaties of the United States,"

they are also violating 28 U.S.C. § 2241(c)(3). Petitioner is therefore entitled to habeas relief.

## EIGHTH CLAIM FOR RELIEF

### (ALIEN TORT STATUTE )

54.     Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

55.     The acts described herein constitute torture in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violate customary international law prohibiting torture as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

56.     By the actions described above, Respondents' acts directing, ordering, confirming, ratifying, and/or conspiring to bring about the torture and other inhumane treatment of Petitioner constitute war crimes and/or crimes against humanity in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated, among others, the Fourth Geneva Convention, Common Article III of the Geneva Conventions and Additional Protocols I and II of the Geneva Conventions as well as customary international law prohibiting war crimes as reflected, expressed, and defined in other multilateral treaties and international instruments, international and domestic judicial decisions, and other authorities.

57.     The acts described herein constitute cruel, inhuman or degrading treatment in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting cruel, inhuman or degrading treatment as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

58.     The acts described herein constitute arbitrary arrest and detention of Petitioner in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting arbitrary detention as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

59.     Respondents are liable for said conduct in that they directed, ordered, confirmed,

ratified, and/or conspired together and with others to bring about the arbitrary arrest and prolonged arbitrary detention and the enforced disappearance of Petitioner in violation of the law of nations under the Alien Tort Statute, 28 U.S.C. § 1350, in that the acts violated customary international law prohibiting arbitrary arrest, prolonged arbitrary detention and enforced disappearances as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

60.     As a result of Respondents' unlawful conduct, Petitioner has been and is forced to suffer severe physical and psychological abuse and agony.

## NINTH CLAIM FOR RELIEF

### (VIOLATIONS OF THE ADMINISTRATIVE PROCEDURES ACT)

61.     Petitioner incorporates by reference all preceding paragraphs as if set forth fully herein.

62.     Army Regulation 190-8 prohibits the detention of civilians who were seized away from the field of battle or outside occupied territory or who were not engaged in combat against the United States. See, e.g., Army Reg. 190-8 at 1-6(g)

63.     By arbitrarily and capriciously detaining Petitioner in military custody for more than four years in the manner described above, Respondents have acted and continue to act *ultra vires* and unlawfully in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2).

64.     By the actions described above, the Respondents have acted and continue to act arbitrarily and capriciously by directing, ordering, confirming, ratifying, and/or conspiring to unlawfully subject Petitioner to torture and/or cruel, inhuman or degrading treatment in violation of Army Regulation 190-8 and the Administrative Procedures Act, 5 U.S.C. § 706(2).

65.     Accordingly, Petitioner is entitled to declaratory and injunctive relief, as well as any other relief the court may deem appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioner Shawali Khan prays for relief as follows:

1.      Grant the Writ of Habeas Corpus and order Respondents to release Petitioner from his current unlawful detention;

2.      Order that Petitioner be brought before the Court or before a Magistrate Judge assigned by the Court at a convenient facility to conduct proceedings under the supervision of the Court to vindicate his rights;

3.      Order Respondents to allow counsel to immediately meet and confer with Petitioner in private and unmonitored attorney-client conversations;

4.      Order that Petitioner cannot be transferred to any other country without the specific, written agreement of Petitioner and Petitioner's counsel while this action is pending;

5.      Order Respondents to allow medical doctors to meet and confer with Petitioner and his counsel, in private to determine his medical condition;

6.      Order that Petitioner cannot be delivered, returned, or rendered to a country where there is a foreseeable and imminent risk that Petition will be subjected to torture;

7.      Order Respondents to cease all interrogations of Petitioner direct or indirect, while this litigation is pending;

8.      Order Respondents to cease all acts of torture and cruel, inhuman and degrading treatment of Petitioner.

9.      Grant such other relief as the Court may deem necessary and appropriate to protect Petitioner's rights under the common law, the United States Constitution, federal statutory law, and international law.

Dated: June 25, 2008

Respectfully submitted,

By: _Leonard X. Goodman_

Leonard C. Goodman [Bar No. 51601]
The Law Offices of Leonard C. Goodman, Ltd.
53 E. Jackson Blvd., Suite 1220
Chicago, Illinois 60604
Tel: (312) 986-1984
Fax: (312) 663-3707

*Of Counsel*

Shayana D. Kadial [Bar No. 49512]
Pardiss Kebriaei [ Bar No. 51395]
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6485
Fax: (212) 614-6499

Robert A. Gensburg
P.O. Box 248
364 Railroad Street
St. Johnsbury, VT 05819
phone (802) 748 5338
fax (802) 748 1673

*Counsel for Petitioner Shawali Khan, ISN 899*

## CERTIFICATE OF REPRESENTATION WITHOUT COMPENSATION

Counsel for Petitioner hereby certify, pursuant to L. Cv. R. 83.2(g), that they are representing Petitioner without compensation.

Dated: June 25, 2008

By: *Leonard Goodman*

Leonard C. Goodman [Bar No. 51601]
53 E. Jackson Blvd., Suite 1220
Chicago, Illinois 60604
Tel: (312) 986-1984
Fax: (312) 663-3707

*Of Counsel*
Shayana D. Kadial [Bar No. 49512]
Pardiss Kebriaei [ Bar No. 51395]
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6485
Fax: (212) 614-6499

Robert A. Gensburg
P.O. Box 248
364 Railroad Street
St. Johnsbury, VT 05819
phone (802) 748 5338
fax (802) 748 1673

*Counsel for Petitioner Shawali Khan, ISN 899*

## CERTIFICATE OF SERVICE

I, Leonard C. Goodman, hereby certify a true and correct copy of the foregoing document to be served upon: SEE SERVICE LIST, by depositing same in the United States mail, first class postage prepaid, on June 25, 2008.

Leonard C. Goodman [Bar No. 51601]
53 E. Jackson Blvd., Suite 1220
Chicago, Illinois 60604
Tel: (312) 986-1984
Fax: (312) 663-3707

## SERVICE LIST

Jeffrey A. Taylor, Esq.
U.S. Attorney, District of Columbia District
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20530

Andrew I. Warden, Esq.
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530
Tel: 202-616-5084; Fax: 202-616-8470
andrew.warden@usdoj.gov

GEORGE W. BUSH
President of the United States
The White House
1600 Pennsylvania Ave., N.W.
Washington, D.C. 20500;

ROBERT M. GATES,
Secretary, United States
Department of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000;

MICHAEL B. MUKASEY
Attorney General of the United States
U.S. Department of Justice
Room 5111
Robert F. Kennedy Building
Tenth Street and Constitution Ave., N.W.
Washington, D.C.  20530

REAR ADM. DAVID M. THOMAS, Jr.
Commander, Joint Task Force -
Guantanamo
JTF-GTMO
APO AE 09360;

ARMY COL. BRUCE VARGO,
Commander, Joint Detention
Operations Group, JTF - GTMO
JTF-GTMO
APO AE 09360

I would like to request from your Excellency if you could find someone or assign a lawyer to me so he can help me with my case.
I don't have much time; if you could ask the lawyer to introduce me to someone I will appreciate it.


** Second page.
This request is from Shah Wali to your Excellency I hope you will accept it.
Earlier I wrote you a request as well but to this date I have heard anything and I don't understand what happened to it.  Therefore, I am writing this second letter to you.
I need your help.  I need you to introduce me to (censor).
Anyone you send I will accept.  I need you to find a person to talk to the lawyer on my behalf so they can help me.  I appreciate it very much.

Sincerely,

Shah Wali.

**EXHIBIT**
Group

NO. _A_

**DO NOT WRITE BEYOND HEAVY LINES**

[Handwritten Arabic/Urdu script, several lines — illegible]

899

To David L. McColgin

federal community Defender
for the Eastern District of Pennsy
Suite 540 west the center? (vainia
601 wal nut street / Philphia

GUAN-2007-T 01076

Document Number GUAN-2007-T01281

**DO NOT WRITE BEYOND HEAVY LINES**

لم طوفه خُذ دیتا ئوں ـ ستا سو اور مقام نذ لیا ھویضد

وبا لذ پا کوم ھبله لجم بل قبول بُن کری

مع لُن لن ھم یوہ عا رضد لیا ؤ دہ حقی ھیش درک نُم

سؤ را نِز معلوم نه یوھیِ م بی ولی نو اوں می

دقه دوھی حل ولیکه نو اوں خبیه دالڈ

ذہ غوارم یای د حان لیارہ تقی کر

ھر خّوک چل وی زما قبول دی

زما سی له وکیل یه نامه ولدری او زما وکیل سی

دؤ که یوتقی را نِز معُفی کیا نیر بہ بنِ وی

او ذیر محبایی بہ وی

٨٩٩  (ناتِی)

١١٨٩٩/٢٢

Hi Len,

Here is the translation of Shahwali Khan letter:

Appeal ( request)

I request from the US civil court which is in Washington DC, that I just requst for an attorney for my self to assist me regarding my appeal for my imprisonment

Shahwali Khan

Signature
2/12/2008

This is the address of the US civil court in Washington DC:
United States court of appeal for DC Circuit
333 Constitution Avenue NW
Washington , DC 20001

I just translated the way he has written the letter. if you have any questions please let me know.

Thanks,
Adeeb

AUTHORIZED BY JTF GTMO FOR ISN# ००० ८99

( عريضه ) SJA

زه نه خواهش لرم د امريكا متحد، ايالاتو د ملك مدافع ؍

ممكن نه چ په واشنګتن دسي كي د ه ؍

دفتل غان دمريستی دپاره يوسفي وكيل- (lawyer)

غوارم مدديني چ زما سره كومك، وكري زما عريضن

په بارهكي= فقط     بندی تو ب

شاهد ايوب

Shabid A

۱۲ / ۲ / ۲۰۰۸

ادد سی امریکا متحده ایالاتو ملکی خواضی ملکی یه واشنگتن ڈی سی دہ

United States court of APPea for the D.C
Circuit. 333 constitution Avenue. N.W.

Washington DC 20001

APR 23 2008

12FEB08  DUSHTU
899

GUAN-2008-T 00375

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Shawali Khan

98795

**DEFENDANTS** ~~Robert M. Gates, Secy. of Defense~~ George W. Bush, et al

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Guantanamo Bay_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Washington D.C._
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Leonard C. Goodman
The Law Offices of Leonard C. Goodman, Ltd.
53 W. Jackson Blvd., Suite 1220
Chicago, IL 60604  (312) 986-1984

Case: 1:08-cv-01101
Assigned To : Bates, John D.
Assign. Date : 6/25/2008
Description: Habeas Corpus/2255

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

⊗ 3 Federal Question
(U.S. Government Not a Party)

⊗ 2 U.S. Government Defendant

O 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

O **A. Antitrust**

☐ 410 Antitrust

O **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

O **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

O **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

O **E. General Civil (Other)**    OR    O **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☒ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC Sections 2241 and 2241-Petition for Writ of Habeas Corpus re: detention of Shawali Khan @ Guantanamo Bay Cuba

**VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | Check YES only if demanded in complaint JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☒ NO ☐ | If yes, please complete related case form.

DATE 24 June 2008   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.