UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWALI KHAN,<br><br>    Petitioner,<br><br>    v.<br><br>BARACK OBAMA, et al.,<br><br>    Respondents. | Civil Action No.  08-1101 (JDB) |

## CASE MANAGEMENT ORDER

The Court held status hearings in this case on February 11, 2009 and February 20, 2009. Based on petitioner's counsel's stated preferences at those hearings, and consistent with the standards set forth in *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008), and *Hamdi v. Rumsfeld*, 542 U.S. 507, 539 (2004) (plurality), the standards referenced in the Case Management Order entered by Judge Hogan on November 6, 2008 and revised on December 16, 2008, and the standards referenced by this Court on December 22, 2008, *see, e.g.*, *Hamlily v. Obama*, Civ.A.No. 05-0763, the Court enters the following Case Management Order to govern proceedings in the above-captioned case.[1]

### I.

**A.**   **Declassified Factual Returns**.  By not later than March 4, 2009, petitioner shall file a statement identifying the portions of the unclassified factual return and attachments thereto that he seeks to have <u>declassified</u>.  Petitioner must provide a reasonable basis to assert that any item should be declassified, and under the heading "High Priority Items," petitioner shall identify the items he considers most important to his ability to present his defense.  By not later than April 1, 2009, the government shall file the declassified return.  The government shall provide a justification for each item it has determined not to declassify.

---

[1] This case-specific Case Management Order is independent of Case Management Orders entered in any other case, including the orders entered by Judge Hogan on November 6, 2008 and December 16, 2008.  Hence, any future modifications in other orders will have no impact on the schedule of proceedings in the above-captioned matter.  If the parties wish to request relief from the schedule set forth in this order, they must file an appropriate motion before this Court.

**B.**     This section intentionally left blank.

**C.**     This section intentionally left blank.

**D.**     **Exculpatory Evidence**.

    **1**.     The government shall disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner.  In this context, the term "reasonably available evidence" means evidence contained in any information reviewed by any attorney preparing factual returns for any detainee; it is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner.  The term also includes any other evidence the government discovers while litigating habeas corpus petitions filed by detainees at Guantanamo Bay.  Disclosure of such exculpatory evidence shall occur by not later than March 19, 2009.  On that date, the government shall file a notice certifying either that it has disclosed the exculpatory evidence or that it does not possess any exculpatory evidence.

    **2**.     If evidence described in the preceding paragraph becomes known to the government after the deadline for disclosure, the government shall provide the evidence to the petitioner as soon as practicable.

**E.**     **Discovery**.  If requested by the petitioner, the government shall disclose to the petitioner (1) any documents and objects in the government's possession that the government relies on to justify detention; (2) all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention; and (3) information about the circumstances in which any statements of the petitioner were made or adopted, including but not limited to any evidence of coercive techniques used during any interrogation or any inducements or promises made.[2]  Disclosure requests shall be made in writing by not later than February 25, 2009.  Disclosure shall occur by not later than March 19, 2009.

**F.**     **Classified Information**.  If any information to be disclosed under Sections I.D or I.E of this Order is classified, the government shall, unless granted an exception, provide the petitioner's counsel with the classified information, provided the petitioner's counsel is cleared to access such information.  If the government objects to providing the petitioner's counsel with the classified information, the government shall move for an exception to disclosure.

**G.**     This section intentionally left blank.

---

[2] To the extent the parties require clarification as to the scope of section I.E, they should refer to the Court's February 9, 2009 order in *Zaid v. Obama*, Civ.A.No. 05-1646 (dkt. ent. #147).

H.      **Status Hearing.** A status hearing will be held on April 8, 2009 at 10:00 A.M. in Courtroom 8.

### II.

A.      **Burden and Standard of Proof**. The government bears the burden of proving by a preponderance of the evidence that the petitioner's detention is lawful. Any argument in support of a different burden of proof shall be presented in each party's motion for judgment on the record in accordance with the schedule set forth in Section III.

B.      **Presumption in Favor of the Government's Evidence**. The Court may accord a rebuttable presumption of accuracy and authenticity to any evidence the government presents as justification for the petitioner's detention if the government establishes that the presumption is necessary to alleviate an undue burden presented in this habeas corpus proceeding. If the Court determines that a presumption is warranted, the petitioner will receive notice of the presumption and an opportunity to rebut it. Argument, if any, in support of a different evidentiary presumption or process shall be presented in each party's motion for judgment on the record in accordance with the schedule set forth in Section III.

C.      **Hearsay**. Upon the request of either the petitioner or the government, the Court may admit and consider hearsay evidence that is material and relevant to the legality of the petitioner's detention, if the movant establishes that the hearsay evidence is reliable and that the presentation of the evidence in compliance with the Federal Rules of Evidence would unduly burden the movant or pose an unwarranted risk to national security. Requests to admit hearsay evidence shall be presented in each party's motion for judgment on the record in accordance with the schedule set forth in Section III. If the Court admits hearsay evidence, the party opposing admission will have the opportunity to challenge the credibility of, and weight to be accorded, such evidence.

### III.

A.      **Judgment on the Record**.

         1.      **Schedule of Briefs.** Petitioner's motion for judgment on the record shall be filed by not later than April 22, 2009. The government's opposition shall be filed by not later than May 4, 2009. Petitioner's reply in support of his motion shall be filed by not later than May 11, 2009.

         2.      **Page Limitations.** (a) Petitioner's brief in support of his motion for judgment on the record shall not exceed 45 pages. Petitioner shall allocate no more than 35 pages to argument in support of its motion for judgment on the record and no more than 10 pages to the issues discussed in Section II of this Order. (b) The government's opposition brief shall not exceed 45

pages, with no more than 10 pages to the issues discussed in Section II of this Order.  (c) Petitioner's final reply brief shall not exceed 15 pages.

3. **Hearing**.  A hearing on the motions for judgment on the record will be scheduled by the Court if necessary.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date:  February 20, 2009

-4-