DECLARATION OF ATTORNEY LEONARD GOODMAN

I am the attorney for Shawali Khan and have represented him, pro bono, since 2008. In October 2014, I filed a motion to reconsider the denial of post-judgment relief based upon new evidence. In or about December 2014, Khan was released from detention and sent back home to Kandahar, Afghanistan, following 12 years of detention without charge. Since his release, I have established telephone communication with Khan with the assistance of a Pashto interpreter. My next communication with Khan is scheduled for November 11, 2015. I have also provided some humanitarian assistance to Khan. During my telephone calls with Khan, we have discussed whether or not Khan wished to continue to litigate his habeas case now that he has been released. Khan eventually decided that he did wish to continue to litigate his habeas case and to seek exoneration. Khan related that he suffered consequences from his detention and from the adverse findings made against him. I asked Khan to obtain concrete examples of these consequences and he has agreed to do so.

On August 5, 2015, the government filed a motion to dismiss Khan's pending motion on grounds that it is moot following his release from detention. However, due to an inadvertent mistake, I did not see the filing. I was aware that the government intended to file a motion to dismiss and that I would have 2 months to file a response. But somehow, the filing escaped my notice. I have gone back through my emails from August 5 and have found the notice.

Khan's case has always been of the highest priority to me. Thus, it is hard for me to understand how I could have missed the filing of a motion to dismiss. In reviewing the docket, I see that there are several docket entries on August 5. First, Khan's counsel filed a response to the government's motion to Hold in Abeyance its Opposition to Petitioner's Motion to Reconsider. Later on August 5, this Court entered an order granting the government's motion to

Hold in Abeyance. I suspect that when the government's motion to dismiss was filed on the same day, I mistakenly believed it was a docket entry relating to the order to hold in Abeyance.

I apologize to the Court and to government counsel for my mistake. I assure the Court that it was inadvertent and that this case has always been a high priority for me. I respectfully request that Mr. Khan not lose his opportunity to seek exoneration as a result of an inadvertent mistake by his attorney.

Respectfully submitted,

/s/ Leonard C. Goodman

53 W. Jackson
Suite 1650
Chicago, Illinois 60604
(312) 986-1984